UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BITUMINOUS CASUALTY CORP, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 14-336-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KINZER DRILLING COMPANY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Defendants Kinzer Drilling Company, LLC ("Kinzer") and Howell Property, LLC's ("Howell") motion to dismiss. [Record No. 19] Their motion was joined by Defendants Sheila Martin, Jennifer Calhoun, Lowell Calhoun, Betty Calhoun, Myra Calhoun, and Rory Calhoun (the "Calhoun Heirs"). [Record No. 20] For the reasons discussed below, the defendants' motion will be granted.

**I.**

On February 11, 2009, the Calhoun Heirs filed a lawsuit in Breathitt Circuit Court against Kinzer and Howell, alleging that mining activities on Howell's land resulted in an encroachment upon and removal of coal from their adjoining property. [Record No. 1-3, p. 3] The state court complaint included *inter alia* claims for trespass, conversion, and ejectment. The plainitffs also sought a declaratory judgment to quiet title. [Id., p. 4-7] At all relevant times, Kinzer and Howell were insured by Bituminous Casualty Corporation ("Bituminous"), the plaintiff in this action. According to the defendants, Bituminous has also provided a defense for Kinzer and Howell in the underlying action. [Record No. 19-1]

-1-

Bituminous brings this suit to obtain a judgment declaring that it owes no duty to provide insurance coverage or a defense to the defendants. [Record No. 1]

## II.

The defendants ask this Court to decline jurisdiction and dismiss this action. [Record Nos. 19, 20] This case meets the basic standard for diversity jurisdiction under 28 U.S.C. § 1332. However, even when a suit otherwise satisfies subject matter prerequisites, district courts retain discretion to determine "whether and when to entertain an action under the Declaratory Judgment Act." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see Aetna Cas. & Sur. Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir. 1996). The Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* (the "Act"), provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Supreme Court has explained that the Act "confers discretion on courts, not rights on litigants." *Am. Home Assurance Co. v. Evans*, 791 F.2d 61, 64 (6th Cir. 1986) (citing *Green v. Mansour*, 474 U.S. 64 (1985)).

The Sixth Circuit has identified five factors to guide adistrict courts in determining whether to exercise discretionary jurisdiction under the Act. *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323 (6th Cir. 1984). Those factors are whether:

    1. the declaratory action would settle the controversy;

    2. the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

    3. the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata';

> 4. the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and
>
> 5. there is an alternative remedy which is better or more effective.

*AmSouth Bank v. Dale*, 386 F.3d 763, 785 (6th Cir. 2004) (citing *Grand Trunk*, 746 F.2d at 326). This list is not exhaustive; therefore, "a full inquiry [must be made] into all relevant considerations." *Brotherhood Mut. Ins. Co. v. United Apostolic Lighthouse, Inc.*, 200 F. Supp. 2d 689, 692 (E.D. Ky. 2002).

### A.    Settlement of the Controversy & Clarification of Legal Relations at Issue

The first two factors are closely related and are often considered together. *See Scottsdale Ins., Co. v. Flowers*, 513 F.3d 546, 577 (6th Cir. 2008). The Court first examines whether the requested judgment would settle the controversy. Bituminous asserts that, because this suit relates only to the defendants' insurance coverage, it does not affect or concern the state court determination of the declaratory defendants' ultimate liability. Thus, it argues, this suit will solve the only question it raises: whether Bituminous owes a duty to defend Kinzer and Howell. [Record No. 21, p. 6] However, the defendants argue at great length that this action will not ultimately settle the issues between the parties but potentially will subject them to conflicting rulings. [Record No. 19-1 pp. 4-5, No. 22 pp. 2-3]

Consideration of the first factor has resulted in two lines of precedent. *Flowers*, 513 F.3d at 555. One set of cases generally holds that, while declaratory relief might clarify the legal relationship between the insurer and insured, it does not ultimately settle the controversy between the parties that is ongoing in state court. *See Travelers Indem. Co. v. Bowling Green Prof'l Assoc., PLC*, 495 F.3d 266, 272 (6th Cir. 2007) (Granting the declaratory relief sought settles the scope of the insurance coverage under the respective

policies and clarifies their obligation to defend in state court, but does nothing to clarify the legal relationship between the other parties.); *U.S. Fire Ins. Co. v. Abex Aluminum, Inc.*, 161 F. App'x 562, 565 (6th Cir. 2006); *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 814 (6th Cir. 2004). Conversely, other cases conclude that, while declaratory relief will not help resolve the underlying state court action, this factor may still weigh in favor of accepting jurisdiction because the requested relief can settle the limited controversy between insurer and insured. *See West Am. Ins. Co. v. Prewitt*, 208 F. App'x 393, 396 (6th Cir. 2006); *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003).

The same split outlined above has developed concerning the requirements of the second factor: whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue. *Compare Flowers*, 513 F.3d at 557 (merely clarifying the legal relations at issue in the federal case is sufficient to satisfy the factor) *with Travelers Indem.*, 495 F.3d at 272 (satisfying factor requires the decision to clarify legal relations in both federal and state action) *and Bituminous,* 373 F.3d at 814 (same).

This case falls in the middle of this split in precedent. It arises out of a state-court dispute that has been ongoing for almost six years. [Record No. 1-3] While not a party to that action, Bituminous admits that it has been providing a defense for Kinzer and Howell. [Record No. 21, p. 2] The parties have engaged in extensive discovery in state court. Resolution of this case would settle the limited coverage controversy between the insured and the insurer. However, it would do little to clarify or resolve the state court claims. In fact, the defendants argue that judgment by the Court could subject them to conflicting rulings on questions of fact that are important in each case, such as whether they intentionally, knowingly, or unintentionally trespassed. Ultimately, out of policy

considerations for encouraging consolidated litigation in one court over piecemeal litigation of separate claims in separate courts, the Court adopts the reasoning that, to serve a useful purpose, litigation must settle the broader controversy between parties. *See Auto-Owners Ins. Co. v. King*, No. 3: 10-cv-59, 2011 U.S. Dist. LEXIS 54359 (E.D. Ky. May 19, 2011). The present case does not address the entirety of the dispute. As a result, the first two factors weigh against accepting jurisdiction.

### B. Race for *Res Judicata*

The third factor is intended to prevent parties from forum-shopping and filing actions in federal court with the sole purpose of gaining a favorable forum. *See Grand Trunk*, 746 F.2d at 326. Although the defendants argue that the timing of the federal suit "follows closely on the heels of the state court's ruling denying several pending motions for summary judgment in the underlying action," this is not sufficient evidence to rise to the level of forum-shopping. [Record No. 6] The defendants have failed to produce any further evidence to indicate that Bituminous has filed this action to obtain a favorable forum or engage in a "race for *res judicata*". An improper motive will not be imputed without evidence of such in the record. *Travelers*, 495 F.3d at 272. This factor weighs in favor of exercising jurisdiction.

### C. Friction Between Federal and State Courts

The fourth factor requires the Court to consider whether exercising jurisdiction would increase the friction between state and federal courts or improperly encroach upon the state court's jurisdiction. Federal courts should be "particularly reluctant to entertain federal declaratory judgment actions premised on diversity jurisdiction in the face of a previously-filed state-court action." *Adrian Energy Associates v. Mich. Public Service Comm.*, 481 F.3d

414, 421 (6th Cir. 2007). In fact, the Supreme Court has cautioned that "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in 'gratuitous interference' if it permitted the federal declaratory action to proceed." *Wilton*, 515 U.S. at 283 (quoting *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)).

However, "the mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1067 (6th Cir. 1987). The Sixth Circuit has developed the following three sub-factors to assist in analyzing this issue. They are: (i) whether the state court's fact-finding is necessary to the declaratory judgment; (ii) which court, federal or state, is in a better position to resolve the issues; and (iii) whether the issue in the federal action implicates important state policies and is thus more appropriate for state court. *Bituminous*, 373 F.3d at 814-15 (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)).

The first of these sub-factors focuses on whether the factual issues informing the declaratory judgment action are the same as those in the underlying state-court action. *Flowers,* 513 F.3d at 560. When resolution of the declaratory judgment action will require factual findings that may conflict with a state court's findings on the same issue, "the exercise of jurisdiction would be inappropriate." *Id.* To avoid this rule, Bituminous argues that resolution of its claim does not hinge on any disputed factual issues, but can be resolved as a matter of law. Although it asserts that a declaratory judgment need only reach the legal issue of coverage under the insurance policy, it concedes that "occurrence policies, such as the Bituminous Policies at issue, require a consideration of not only the intent of the insured but also the control of the insured over the event causing the alleged damage." [Record No.

21, pp. 6-7] Because resolution of the declaratory judgment action hinges on resolution of facts at issue in the underlying case, it is important to avoid subjecting the parties to competing rulings on those issues. *See Travelers*, 495 F.3d at 272; *see also Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 278 (6h Cir. 1990) (nothing that "without any factual record, there is a real possibility that the district court's declaration of no coverage would conflict with a state court's determination of the coverage question after being informed of the facts"). And because this action would center on many of the same factual questions at issue in the state-court proceeding, the first sub-factor weighs against exercising jurisdiction.

The second sub-factor directs the Court to consider which court – federal or state – is in a better position to evaluate the claims. The Sixth Circuit has explained that, when "Kentucky law is controlling, . . . Kentucky courts are in the better position to apply and interpret its law on these issues." *Travelers* 495 F.3d at 272. Bituminous argues that because this Court decided a bankruptcy appeal for Miller Bros. Coal, LLC (originally a named defendant in the state court action by the Calhoun Heirs), "the federal court may actually be more familiar with these issues" than the state court. [Record No. 21, p. 3] However, the bankruptcy case involved an indemnification agreement covering only damages resulting from Miller Bros. Coal's negligence in its mining operations on the leased premises. *Howell Props., LLC v. Kinzer Drilling Co., LLC*, 2011 U.S. Dist. LEXIS 65413 at \*16 (E.D. Ky. June 20, 2011). Inasmch as the state court complaint against Miller Bros. Coal could not be fairly read to allege negligence, the bankruptcy court determined that the state court claims were not covered by the indemnification agreement. *Id.*

In the bankruptcy appeal, Judge Caldwell decided the narrow issue of an unrelated indemnification agreement for a party that has now settled with the Calhoun Heirs. *Id.* [*See*

Record No. 21, p. 2] The facts relevant to the determination of the present dispute were not before this Court in the bankruptcy proceeding. Bituminous' Complaint asks the Court to determine whether it owes a duty of coverage to Kinzer and Howell. [Record No. 1] The answer hinges on interpretation of state law. The Kentucky court, in which discovery has been conducted and which is equally capable of resolving questions of Kentucky law, is in a better position to evaluate Bituminous' claims. Thus, the second sub-factor also weighs against the exercise of jurisdiction.

The third sub-factor focuses on the nexus between the underlying factual and legal issues and any state law or public policy concerns. The Sixth Circuit has stated that "issues of insurance contract interpretation are questions of state law with which the Kentucky state courts are more familiar and, therefore better able to resolve." *Flowers*, 513 F.3d at 561 (quoting *Travelers*, 495 F.3d at 273); *see also Mercier*, 913 F.2d at 279 (states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce public policies that form the foundation of such regulation). There is unquestionably a close nexus between coverage under the insurance contract and questions of state public policy. This sub-factor also weighs against exercising jurisdiction.

When an action involves questions of state law, facts at issue in a long-standing state-court action, and a close nexus between those facts and laws at issue and state public policy, that action is better left to the state courts to resolve. In light of the sub-factors outlined above, exercising jurisdiction would cause unnecessary tension between the state and federal courts.

### D. Availability of Alternative Remedy

Finally, a district court should "deny declaratory relief if an alternative remedy is better or more effective." *Grand Trunk*, 746 F.2d at 326. Here, Bituminous certainly has alternative remedies. The most obvious is to seek declaratory judgment in state court under KRS § 418.040. Likewise, Bituminous could file an indemnity action at the conclusion of the state action. *See Flowers*, 513 F.3d at 562. However, the central question is whether these remedies are "better or more effective." *Grand Trunk*, 746 F.2d at 326.

Case law from the Sixth Circuit is divided regarding whether the possibility of seeking declaratory relief or indemnity in state court weighs in favor of or against exercising jurisdiction. *Flowers*, 513 F.3d at 562. *Compare Northland*, 327 F.3d at 448 ("[I]ntervening in the state court action would not have necessarily provided a better or more effective alternative remedy."), *and Allstate*, 825 F.2d at 1067 ("[We] are not convinced that an action for indemnity, instituted only after the insurance company has provided a defense which it may not have been obligated to render, is in every case a 'superior remedy.'"), *with Travelers*, 495 F.3d at 273 (the alternative remedies of a state declaratory judgment or indemnity action "weighed against federal discretionary jurisdiction"), *and Bituminous*, 373 F.3d at 815 (the plaintiff "could have presented its case to the same court that will decide the underlying tort action" and that "a superior alternative remedy exists in the form of an indemnity action filed at the conclusion of the underlying state action"). In light of these conflicting decisions, the fifth factor is neutral. Bituminous certainly has alternative remedies available, but the undersigned does not conclude that any one would be a better option than the present action.

## III.

After examining the *Grand Trunk* factors, the Court declines to exercise subject-matter jurisdiction over Bituminous' Complaint. Three of five factors counsel against exercising jurisdiction, one counsels in favor, and the fifth is neutral. In summary, after examining all relevant considerations, the Court is not convinced that accepting jurisdiction would settle the controversy among the parties or serve a useful purpose. Moreover, entry of a declaratory judgment by this Court might improperly encroach on state court jurisdiction. Accordingly, it is hereby

**ORDERED** as follows:

1. The Motions to Dismiss by Defendants Kinzer and Howell [Record No. 19] and the Calhoun Heirs [Record No. 20] are **GRANTED**.

2. Plaintiff Bituminous' action for declaratory judgment [Record No. 1] is **DISMISSED** without prejudice.

This 4th day of November, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge